IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JASON LEVETTE WASHINGTON,

Plaintiff,

v.

ALAMEDA COUNTY, et al.,

Defendants.

Case No. 17-cv-05616-CRB

**ORDER GRANTING MOTION TO DISMISS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff Jason Washington in pro per brings claims under 42 U.S.C. § 1983 against Alameda County, BART, the Alameda County sheriff, BART's police chief, two identified officers, and other unidentified officers. In pertinent part, Mr. Washington alleges that BART police wrongfully arrested him for failing to identify himself after they suspected he had dodged his fare; that sheriff's deputies inflicted pain on him in forcibly fingerprinting him; and that Alameda County denied him an arraignment in violation of his due process rights. Alameda County and Deputy Sheriff Matthew Panconi have moved to dismiss. For the reasons stated below, the Court GRANTS the motion with leave to amend. Mr. Washington shall file an amended complaint within 30 days of being served with this order.

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A court "must presume all factual allegations of the complaint to be true and draw all reasonable

inferences in favor of the nonmoving party." Usher v. City of L.A., 828 F.2d 556, 561 (9th Cir. 1987). Nevertheless, the facts pleaded must make the claim "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**1.** Mr. Washington's claims against Alameda County Sheriff Gregory J. Ahern fail because he includes no specific allegations against Sheriff Ahern, and there is no vicarious liability for claims brought under § 1983. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 707 (1978).

**2.** Mr. Washington's claim against Alameda County for forcible fingerprinting fails. To the extent he alleges that the county is liable for the officers' actions in fingerprinting him on a vicarious liability theory, he has failed to state a § 1983 claim. See Monell, 436 U.S. at 707. To the extent he alleges that the county has an unlawful policy of forcibly fingerprinting arrestees, such a policy would not violate the Fourth Amendment. See Hayes v. Florida, 470 U.S. 811, 817 (1985). This is because there was "a reasonable basis" for believing that identifying Mr. Washington would establish whether he had dodged his fare, because his identity could be compared with BART records. See id.

**3.** The Court construes Mr. Washington's claim against Alameda County for failing to timely arraign him as a false-imprisonment claim. Mr. Washington has a due process liberty interest in "being free from incarceration without a prompt pretrial court appearance." Oviatt By & Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992). "[F]reedom from incarceration is a vital liberty interest for those who have not been criminally convicted." Id. at 1476. However, health is also a vital interest. Given Mr. Washington's allegation that he was kept in the infirmary for five of the seven days that he was held, his complaint raises an inference that his arraignment was delayed for medical reasons. See Compl. at 7. Mr. Washington does not state whether he was physically able to attend an arraignment. Accordingly, Mr. Washington has failed to state a claim. In his amended complaint, Mr. Washington may wish to clarify this issue, and to

2

add other details that might bear on the reasons he did not receive an arraignment.

**4.** Mr. Washington claims that several deputies injured him while forcibly fingerprinting him. Compl. at 9. He states that one twisted his wrist, one pulled his hair, and another stepped on his foot. Compl. at 6. The Court construes this as a claim for "unnecessary and wanton infliction of pain," which constitutes cruel and unusual punishment and is forbidden by the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992). A plaintiff can only make out such a claim where the use of force could not plausibly have been thought necessary, and is so unjustified that the officer had to know that the plaintiff would be harmed. Id. at 7. Here, as described in the complaint, the force the deputies used does not appear plainly unnecessary. Washington states that he "was not resisting," Compl. at 7, but this is belied by his earlier statement that he told the deputies he "did not consent," that "whatever identification was taken was done under threat and duress," and that he "fisted his hand to protect his fingers from forcibly being fingerprinted," Compl. at 6. Based on the allegations in the complaint, Washington fails to state a claim for cruel and unusual punishment.

**5.** Alameda County objects to the complaint because the paragraphs are not numbered and each paragraph contains multiple facts. Mr. Washington's complaint is reasonably intelligible, and he need not substantially alter its form. However, he shall number the paragraphs in his complaint, in accordance with Federal Rule of Civil Procedure 10(b). In addition, Mr. Washington shall list all his claims separately under the "claims" section of his complaint. The Court will only consider claims that are clearly identified as such in the complaint.

The motion to dismiss is **GRANTED.** The original complaint is **DISMISSED WITH LEAVE TO AMEND.** Mr. Washington is advised that the Justice & Diversity Center of the Bar Association of San Francisco provides information and limited legal assistance to pro se litigants. Assistance is provided by appointment only. More information is available at https://www.cand.uscourts.gov/pro-se, and at the following addresses.

3

**San Francisco**
United States Courthouse
450 Golden Gate Avenue
15th Floor, Room 2796
San Francisco, CA 94102
Appointment line: 415-782-8982

**Oakland**
United States Courthouse
1301 Clay Street
4th Floor, Room 470S
Oakland, CA 94612
Appointment line: 415-782-8982

**IT IS SO ORDERED.**

Dated: Feb. 5, 2018


_____
CHARLES R. BREYER
United States District Judge